UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANDREW ROLLISON,

  Plaintiff,

vs.

FRANK KENDALL, Secretary,
U.S. DEPARTMENT OF THE AIR FORCE,

  Defendant.

Case No. 3:21-cv-290

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. NO. 20); (2) DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT IN ITS ENTIRETY (DOC. NO. 1); (3) DENYING AS MOOT ALL REMAINING MOTIONS (DOC. NOS. 7, 18, 19, 26, 34, 38); AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

Before the Court is Defendant's motion to dismiss *pro se* Plaintiff Andrew Rollison's complaint under Fed. R. Civ. P. 12(b)(1) and (6).  Doc. No. 20.  Plaintiff filed an opposition memorandum and Defendant replied.  Doc. Nos. 25, 35.[1]  Defendant's motion is ripe for review.

**I.**

Plaintiff returns to this Court hoping to pursue a discrimination claim against his former employer, the United States Air Force ("Air Force").  Doc. No. 1.  One problem: the Court previously dismissed his prior complaint that made substantially identical allegations to his complaint currently before the Court.  *See Rollison v. Roth* ("*Rollison I*"), No. 3:20-cv-380, 2021

---

[1] While pro se pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* parties must still satisfy basic pleading requirements, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  The Court is "not required to conjure up allegations not pleaded or guess at the nature of an argument." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012).  To state a claim on which relief may be granted, a *pro se* "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

WL 2580580 (S.D. Ohio June 23, 2021) (Newman, J.).  As the Court explains below, it must again dismiss Plaintiff's current complaint for the same reasons as in *Rollison I*.

Plaintiff is a former civilian Air Force employee who was staffed at Wright Patterson Air Force Base ("Wright-Patt").  Doc. No. 20-1 at PageID 357.  He alleges he was forced to resign in August 2019 after he reported he was the victim of workplace sexual and verbal harassment.  *Id.* at PageID 359.  In or around December 2019, Plaintiff—through counsel—filed a whistleblower complaint with Wright-Patt's Office of Special Counsel ("OSC").  Doc. No. 25-2 at PageID 429; Doc. No. 25-5 at PageID 449.  An OSC investigator wrote back to Plaintiff and his counsel explaining that the sexual harassment claims should be brought to the EEO's attention and that his whistleblower allegations were unsubstantiated.  Doc. No. 25-5 at PageID 449.  The investigator indicated that Plaintiff could not pursue his discrimination claims through the OSC because the 45-day EEO filing deadline had passed and that the "OSC does not pursue discrimination complaints merely because the statute of limitations . . . has expired."  *Id.*  Plaintiff indeed never consulted with the EEO before filing his complaint in *Rollison I*.  2021 WL 2580580, at *3–4.

Plaintiff instead filed a whistleblower individual right of action ("IRA") claim with the Merit System Protection Board ("MSPB") in May 2020.  Doc. No. 20-1 at PageID 357.  A current, former, or prospective federal employee may bring a whistleblower IRA to the MSPB if he or she experienced retaliation for disclosing information he or she "reasonably believes evidences any violation of any law, rule, or regulation."  *Rollison I*, 2021 WL 2580580, at *1 (quoting 5 U.S.C. § 2302(b)(8)(A)(i)); *see also* 5 U.S.C. § 1221(a) (providing that a federal employee who suffered negative personnel action "as a result of a prohibited personnel practice described in section [5 U.S.C. §] 2302(b)(8) . . . [may] seek corrective action from the [MSPB]").  The MSPB found that Plaintiff failed to state a nonfrivolous whistleblower IRA claim and, on July 9, 2020, dismissed

2

his claim. Doc. No. 20-1 at PageID 358. A notice appended to the MSPB's decision explained that Plaintiff could appeal to the U.S. Court of Appeals for the Federal Circuit. *Rollison I*, 2021 WL 2580580, at *1.

Plaintiff instead filed a complaint in this Court on September 14, 2020. *Id.* He sought review of the MSPB's decision and brought separate Title VII and Rehabilitation Act claims. *Id.* Defendant moved—as it does now—to dismiss those claims under Fed. R. Civ. P. 12(b)(6). *Id.* It explained that whistleblower IRA appeals must be taken to the Federal Circuit, not a U.S. District Court. *Id.* Defendant also pointed out that Plaintiff failed to exhaust his administrative remedies with the EEO before pursuing discrimination claims in district court. *Id.*

The Court agreed with Defendant. It explained that federal employees with discrimination cases—or so-called "mixed" cases—can either bring their claim to the EEO or MSPB. *Id.* at *2. Mixed cases dismissed by the MSPB can be appealed to the district courts and heard as discrimination cases. *Id.* But the type of claim Plaintiff filed—a whistleblower IRA—is not a mixed case. *Id.* The Civil Service Reform Act ("CSRA") provides that whistleblower IRAs must be appealed to the Federal Circuit, not the district courts. *Id.* (citing 5 U.S.C. § 7703(b)(1)(B)). For that reason, this Court did not have jurisdiction to hear Plaintiff's whistleblower IRA appeal. *Id.* at *3 (explaining that the Federal Circuit is the "exclusive forum" for whistleblower IRA appeals under the CSRA).

To the extent that Plaintiff's Title VII and Rehabilitation Act claims were separate from his whistleblower IRA claim, the Court concluded he failed to exhaust his administrative remedies before suing in federal court. *Id.* at *4. Plaintiff conceded he did not consult the EEO before petitioning the OSC, MSPB, or this Court. *Id.* He, therefore, failed to state a standalone Title VII or Rehabilitation Act claim. *Id.*

3

In or around September 2020, before the *Rollison I* complaint was filed, Plaintiff—without counsel—filed a second OSC complaint alleging he experienced retaliation for whistleblowing activity. Doc. No. 20-1 at PageID 360; Doc. No. 20-2 at PageID 381. The OSC again could not substantiate his allegations and closed his case. Doc. No. 20-1 at PageID 360–61. Plaintiff filed another whistleblower IRA with the MSPB. *Id.* at PageID 360. In a January 12, 2021 order, the MSPB found, for a second time, that Plaintiff failed to state a nonfrivolous whistleblower IRA and that his claim was barred by collateral estoppel. *Id.* at PageID 364 ("[H]is instant IRA appeal suffers from the very same jurisdictional defect as before—the absence of any nonfrivolous allegations suggesting that he disclosed the various instances of harassment to any agency officials who would be in a position to retaliate against him"); *id.* at PageID 366 ("I find the elements of collateral estoppel are present in the instant IRA appeal and bar the appellant from re-litigating the issue of jurisdiction based on the same set of allegations that were raised in his first IRA appeal").

On June 22, 2021, Plaintiff asked the EEO to review the MSPB's January 12, 2021 order. Doc. No. 1-1 at PageID 71. But the EEO pointed out it only has jurisdiction to review MSPB's mixed-case decisions, not whistleblower IRAs like the one Plaintiff filed. *Id.* Therefore, the EEO denied consideration of Plaintiff's petition. *Id.* at PageID 72.

On October 21, 2021, Plaintiff filed a *pro se* complaint in this Court. Doc. No. 1. He alleges "three separate claims" against Defendant for violations of 36 different statutes, constitutional provisions, and administrative policies. Doc. No. 1 at PageID 3–6. Plaintiff provides a wide-ranging narrative claiming he experienced mistreatment, verbal and sexual harassment, and, after attempting to report this misconduct, retaliation. *Id.* at PageID 6–63. Though Plaintiff seeks relief under three dozen different authorities, a review of his complaint, moving papers, response in opposition to Defendant's motion to dismiss, and various attachments,

4

including an audio file docketed with his complaint, indicates he (1) seeks review of the MSPB's January 12, 2021 order and (2) claims Defendant discriminated and retaliated against him in violation of Title VII and the Rehabilitation Act. Doc. Nos. 1, 25. The Court will, therefore, address these two claims under the motion to dismiss standard. Doc. No. 20.

## II.

Challenges to the Court's subject-matter jurisdiction under Rule 12(b)(1) come in two forms: facial and factual attacks. *See McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). "A facial attack on the subject-matter jurisdiction'—like the one Defendant makes here— 'questions merely the sufficiency of the pleading." *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)) (cleaned up). The Court accepts the allegations in the complaint as true against a facial attack. *Cooper v. Rapp*, 702 F. App'x 328, 331 (6th Cir. 2017).

The Court also assumes the veracity of the complaint under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a Rule 12(b)(6) motion, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### A. MSPB Appeal

Like in *Rollison I*, Plaintiff asks this Court to review the MSPB's dismissal of his second whistleblower IRA. Doc. No. 1. It cannot do so. The Federal Circuit is the exclusive forum for whistleblower IRA appeals.

The MSPB has jurisdiction to hear both cases of discrimination and whistleblower IRAs. "Mixed" cases of discrimination arise when a federal employer takes "particularly serious" action

against an employee, "for example, a removal from employment or a reduction in grade or pay" because of an employee's protected characteristic. *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012) (citing 5 U.S.C. §§ 1204, 7512, and 7701). Section 7702(a)(1) of the CSRA provides that an employee who allegedly experienced an adverse employment action based on discrimination may appeal that decision to the MSPB. 5 U.S.C. § 7702(a)(1).

Whistleblower IRAs are different. This is a claim that a federal employee experienced an adverse employment action because he or she reported a "violation of any law, rule, or regulation" or "gross mismanagement, a gross waste of funds, [or] an abuse of authority." 5 U.S.C. § 2302(b)(8). When presented with a whistleblower IRA, the MSPB may only review the merits of the whistleblower claim, not "claims of discrimination or harmful procedural errors." *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1327 (Fed. Cir. 2020) (quoting 5 C.F.R. § 1209.2(c)).

How the claim is styled before the MSPB matters for appellate review purposes. Mixed claims, *i.e.*, that an adverse employment action was motivated by discrimination, can only be reviewed through a district court lawsuit. *Id.* ("Board decisions arising under section 7702, *i.e.*, mixed cases involving adverse agency actions in which the employee alleges that discrimination was a basis for the adverse action, can be reviewed only by district courts" (citing 5 U.S.C. § 7703(b)(2)). Whistleblower IRAs, however, *must* be appealed to the Federal Circuit or "any other circuit court of competent jurisdiction." 5 U.S.C. § 7703(b)(1)(B).

Plaintiff—like he did in *Rollison I*—filed a second whistleblower IRA with the OSC and MSPB. Doc. No. 20-1 at PageID 357–58; Doc. No. 20-2 at PageID 381. The OSC again concluded his claims were without merit. Doc. No. 20-2 at PageID 381. The MSPB found that collateral estoppel barred Plaintiff's second whistleblower IRA. Doc. No. 20-1 at PageID 365.

6

Plaintiff was entitled to appeal the MSPB's order. Doc. No. 20-1 at PageID 379. But, as in *Rollison I*, the appropriate forum for his appeal was the Federal Circuit. *Id.* (explaining that claims brought under the Whistleblower Protection Act must be appealed to the Federal Circuit). Plaintiff again, and mistakenly, sought review of the MSPB's order in federal district court. Doc. No. 1. This Court does not have jurisdiction to review the MSPB's order. 5 U.S.C. § 7703(b)(1)(B); *Young*, 961 F.3d at 1327. Therefore, Defendant's motion to dismiss Plaintiff's claims related to the January 12, 2021 MSPB decision is **GRANTED**.

B.  **Discrimination Claims**

A most favorable reading of Plaintiff's complaint indicates his central claim is that he was forced to resign after experiencing discrimination and sexual harassment at the hands of his co-workers. Doc. No. 1. In *Rollison I*, Plaintiff alleged that his discrimination claims were part and parcel with his MSPB appeal. 2021 WL 2580580, at *3 n.1. The Court pointed out that could not be true. *Id.* Whistleblower IRAs—by definition—cannot include discrimination claims. *Id.*

Again giving Plaintiff the benefit of the doubt in *Rollison I*, the Court separately considered his discrimination claims. *Id.* at *3–4. Plaintiff admitted he did not consult with the EEO before filing his claim and therefore failed to exhaust his administrative remedies. *Id.* The Court therefore dismissed his Title VII and Rehabilitation Act claims. *Id.*

This time around Plaintiff did file a claim with the EEO. Doc. No. 1-1 at PageID 71. But he did not ask the EEO to review his alleged discrimination and retaliation claims. *Id.* Instead, he requested the EEO review the MSPB's January 12, 2021 order dismissing his whistleblower IRA. *Id.* The EEO declined, citing its lack of jurisdiction to do so. *Id.* It emphasized that Plaintiff did not present a mixed case of discrimination within the EEO's purview. *Id.* On March 22, 2022—well after filing this complaint—Plaintiff lodged a discrimination claim with the EEO. Doc. No. 41-1 at PageID 671.

7

Plaintiff's March 22, 2022 EEO filing is untimely. Administrative remedies must be exhausted *before* seeking federal court relief. *See, e.g.*, *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (explaining the administrative requirements for a federal employee under Title VII); *Smith v. U.S. Postal Serv.*, 742 F.2d 257, 262 (6th Cir. 1984) (explaining that a federal employee is required to exhaust administrative remedies before filing suit pursuant to the Rehabilitation Act). Plaintiff was required to meet with an EEO counselor within 45 days of the discriminatory incident, 29 C.F.R. § 1614.105(a)(1); file a complaint with the discriminatory agency, 29 C.F.R. § 1614.106(a); and receive a final agency decision, 29 C.F.R. § 1614.110(a).

Had Plaintiff presented a mixed case to the EEO on June 22, 2021, that still would have not satisfied Plaintiff's obligation to meet with an EEO counselor within 45 days of the discriminatory incident. 29 C.F.R. § 1614.105(a)(1). Plaintiff attempts to blame his former lawyer for not promptly filing a complaint with the EEO in 2019. *See* Doc. No. 25. But that is unpersuasive. An email exchange between an OSC investigator, Plaintiff, and Plaintiff's former counsel indicates that, by the time Plaintiff filed an OSC complaint, he had already missed the 45-day EEO consultation deadline. Doc. No. 25-5 at PageID 449. Plaintiff's counsel's choice to petition the OSC was a good faith effort to preserve a remedial option for Plaintiff after the EEO was no longer viable. *Id.*

Although the Court is conscientious of Plaintiff's *pro se* status, it is no reason to relax Title VII's administrative preconditions. *See, e.g.*, *Hurst v. Dep't of Veterans Affairs*, No. 18-3185, 2018 WL 4178851, at *2 (6th Cir. July 19, 2018) (affirming dismissal of the *pro se* plaintiff's Title VII complaint for failure to exhaust administrative remedies). Plaintiff has failed to demonstrate entitlement to equitable tolling. *See Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003). Therefore, Defendant's motion to dismiss Plaintiff's discrimination claims is **GRANTED**.

## III.

For the foregoing reasons, the Court (1) **GRANTS** Defendant's motion to dismiss (Doc. No. 20); (2) **DISMISSES WITH PREJUDICE** Plaintiff's complaint in its entirety (Doc. No. 1); (3) **DENIES AS MOOT** all remaining motions (Doc. Nos. 7, 18, 19, 26, 34, 38); and (4) **TERMINATES** this case on the docket.[2]

**IT IS SO ORDERED.**

Date:   June 27, 2022                         s/Michael J. Newman
                                                                       Hon. Michael J. Newman
                                                                       United States District Judge

---

[2] Pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby **CERTIFIES** to the United States Court of Appeals for the Sixth Circuit that an appeal by Plaintiff would be frivolous and not taken in good faith. Consequently, Plaintiff should not be permitted to proceed *in forma pauperis* on appeal, and the Court **DENIES** Plaintiff a certificate of appealability.